C 1

Cory DeShawn Cline
Name

400 East Main Street

Savannah, Mo.
Address                    64485

FILED

JAN 05 2021

Clerk, U.S. District Court
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Cory DeShawn Cline , Plantiff
(Full Name)

V.

State of Kansas , Defendant (s)

_____

CASE NO. _____21-3003-SAC_____
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

### A. JURISDICTION

1) Cory DeShawn Cline , is a citizen of Kansas
   (Plaintiff)                          (State)
   who presently resides at 400 East Main Street,
   Savannah, Mo. 64485        (Mailing address or place
   _____.
   of confinement.)

2) Defendant State of Kansas                          is a citizen of
            (Name of first defendant)
   Topeka, Ks.                              , and is employed as
            (City, State)
   the State that governs the Unified Gov't . At the time the
            (Position and title, if any)

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes [✓] No [ ]. If your answer is "Yes", briefly explain:

   At all times the defendant was the state law.

   _____

   _____

XE-2 8/82           CIVIL RIGHTS COMPLAINT §1983

C 2

3) Defendant _John Doe Limited Liability Insurance Company for the State of Kansas_ is a citizen of
*(Name of second defendant)*

_Unknown_ , and is employed as
*(City, state)*

_the Limited Liability Insurance Company for the State of Kansas_ . At the time the
*(Position and title, if any)*

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes [✓] No [ ] . If your answer is "Yes", briefly explain:

At the time this complaint arose this defendant was the insurer for the State of Kansas.

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

Monell V. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); 42 U.S.C § 1985; 42 U.S.C § 1986; Restatement (Second) of Torts § Section 909 (1965)

B. NATURE OF THE CASE

1) Briefly state the background of your case:

Initially, I ask the court to grant me leave, as "the court should freely give leave when justice so requires." (Rule 15 Amended and Supplemental Pleadings (a)(2)). To adhere to any one year statutes of limitations regarding this matter that began January 30th, 2020, I am filing this complaint at this time; although Count III can not be satisfied, malicious prosecution, due to the

2

C3

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: _Fourteenth Amendment Violation, Fourth Amendment Violation_

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

_With the people, places, and dates to be specified, this count of the complaint will specify three things; the individual negligence and willful refusal by the Defendants to discharge their respective duties, my injury by not receiving equal protections of the law,_

B) (1) Count II: _Criminal Syndicalism, Conspiracy_

(2) Supporting Facts: _Each individual Defendant, by the refusal to discharge the duties of their office, and willfully omitting and neglecting to perform all manual or clerical duties, the performance of which is expressly required by statute, did advocate political change; that is the change in_

3

C 4

C) (1) Count III: _Malicious Prosecution_

(2) Supporting Facts: _I can satisfy all of the components of Malicious Prosecution at this time except the fourth (that the criminal proceeding was resolved in my favor) one, thus I ask for leave until my criminal case's conclusion. (District Court Wyandotti County, Ks. 20CR129)_

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☑ No☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit:

Plaintiffs: _Cory D. Cline_

Defendants: _Kansas City, Kansas Police Department, et al._

b) Name of court and docket number _U.S. District Court of Kansas #5:20-cv-03136-SAC_

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _Stayed_

d) Issues raised _Fourth Amendment Violation_

4

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

C 5

e) Approximate date of filing lawsuit _5/14/20_

f) Approximate date of disposition _12/7/20_

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☐ No ☑. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought. 42 U.S.C. § 1997e

_I am not bringing an action dealing with "prison conditions."_

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

_One million dollars per Defendant officially; and individually. An injunction, having the FBI assert their power to prevent new information from surfacing (such as the six month late filing of a search warrant -20MR201- in this case of matters) in this case (C 14)._

_Cory Clna_

_____          _____
Signature of Attorney (if any)              Signature of Plaintiff

_____

_____

_____
(Attorney's full address and telephone number)

5

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

<u>Defendants</u>

C6

Unified Government
Kansas City, Ks.
the municipality that employs the judges,
magistrates, and the DA (District Attorney)'s Office.
☑ Yes    ▨ No
At the time this complaint arose this defendant
was the municipality that employs the judges,
magistrates, and the DA's office.

John Doe Limited Liability Insurance Company
for the Unified Government.
Unknown
the Limited Liability Insurance Company for the
Unified Government.
☑ Yes    ▨ No
At the time this complaint arose this defendant
was the insurer for the Unified Gov't.


John Doe Limited Liability Insurance Company
for Kathleen Lynch.
Unknown
the Limited Liability Insurance Company for
Kathleen Lynch.
☑ Yes    ▨ No
At the time this complaint arose this defendant
was the insurer for Kathleen Lynch.

C7

John Doe Limited Liability Insurance Company
for Courtney Mikesic.
Unknown
the Limited Liability Insurance Company for
Courtney Mikesic.
☑ Yes ☐ No
At the time this complaint arose this defendant
was the insurer for Courtney Mikesic.

John Doe Limited Liability Insurance Company
for Renee Henry.
Unknown
the Limited Liability Insurance Company for
Renee Henry.
☑ Yes ☐ No
At the time this complaint arose this defendant
was the insurer for Renee Henry.

John Doe Limited Liability Insurance Company
for Daniel Cahill.
Unknown
the Limited Liability Insurance Company for
Daniel Cahill.
☑ Yes ☐ No
At the time this complaint arose this defendant
was the insurer for Daniel Cahill.

C 8

Judge Kathleen Lynch
Kansas City, Ks.
magistrate /judge
☑ Yes  ☐ No
At the times this complaint arose this defendant
was a magistrate /judge for the Unified Gov't (UG).

Judge Courtney Mikesic
Kansas City, Ks.
magistrate /judge
☑ Yes  ☐ No
At the time this complaint arose this defendant
was a magistrate /judge for the U.G.

Judge Renee Henry
Kansas City, Ks.
magistrate /judge
☑ Yes  ☐ No
At the time this complaint arose, this defendant
was a magistrate /judge for the U.G.

Judge Daniel Cahill
Kansas City, Ks.
magistrate /judge
☑ Yes  ☐ No
At the time this complaint arose this defendant
was a magistrate /judge for the U.G.

Judge John Doe of Division 12
Kansas City, Ks.
magistrate/judge for the U.G.
☑ Yes  ☐ No
At the time this complaint arose this defendant
was a magistrate/judge for the U.G.

Maurice E. Brewer
Kansas City, Ks.
Assistant District Attorney (ADA) for the U.G.
☑ Yes  ☐ No
At the time this complaint arose this defendant
was the ADA for the U.G.

Nic Campbell
Kansas City, Ks.
ADA for the U.G.
☑ Yes  ☐ No
At the time this complaint arose this defendant
was the ADA for the U.G.

Mark A. Dupree Sr.
Kansas City, Ks.
D.A. for the U.G.
☑ Yes  ☐ No
At the time this complaint arose this defendant
was the D.A. for the U.G.

C 10

John Doe Limited Liability Insurance Company
for Judge John Doe of Division 12 of the
Search Warrant of case number 20MR201.
Unknown
the Limited Liability Insurance Company for
Judge John Doe of Division 12.
☑ Yes ☐ No
At the time this complaint arose this defendant
was the insurer for Judge John Doe of Div. 12.

John Doe Limited Liability Insurance Company
for Mark A Dupree Sr.
Unknown
the Limited Liability Insurance Company for
Mark A. Dupree Sr.
☑ Yes ☐ No
At the time this complaint arose this defendant
was the insurer for Mark A. Dupree Sr.

John Doe Limited Liability Insurance Company
for Lois Malin.
Unknown
the Limited Liability Insurance Company for
Lois Malin.
☑ Yes ☐ No
At the time this complaint arose this defendant
was the insurer for Lois Malin.

C 11

John Doe Limited Liability Insurance
Company for Nic Campbell.
Unknown
the Limited Liability Insurance Company for
Nic Campbell.
☑ Yes ☐ No
At the time this complaint arose this defendant
was the insurer for Nic Campbell.

John Doe Limited Liability Insurance Company
for Maurice E. Brewer.
Unknown
the Limited Liability Insurance Company for
Maurice E. Brewer.
☑ Yes ☐ No
At the time this complaint arose this defendant
was the insurer for Maurice E. Brewer.

Lois Malin
Kansas City, Ks.
ADA for the U.G.
☑ Yes ☐ No
At the time this complaint arose this defendant
was a Assistant District Attorney for the U.G.

Witnesses
John Doe Witness #1 (owner of 604½ Lowell, K.C.K.)

ELECTRONICALLY FILED
2020 Feb 03 AM 10:21
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CR-000129

 

# AFFIDAVIT FOR APPLICATION FOR WARRANT
## STATE OF KANSAS, COUNTY OF WYANDOTTE

File #: 2020-9809

Date: 01/31/2020

Affiant, being first duly sworn on oath, says that he as reason to believe as follows:

The following crime or crimes are being or have been committed:
**Possession of Methamphetamine**
**Interference with Law Enforcement**
**Aggravated Burglary**

The person or persons alleged to have committed said crime:
**Sidney Butler (B/M 01/17/1980) 604 ½ Lowell Ave., Kansas City, Kansas 66101**
- *Interference with Law Enforcement*
- *Aggravated Burglary*

**Cory Cline (B/M 04/09/1976) 604 ½ Lowell Ave., Kansas City, Kansas 66101**
- *Possession of Methamphetamine*

This affidavit and application is based on the following facts and investigation by law enforcement officers disclosed that:

On 01/28/2020 Narcotics Officer Ibanez #1835 met with a source of information (SOI) who requested to meet with him in regards to drug activity at 604 ½ Lowell Ave., Kansas City, Wyandotte, Kansas. The SOI advised that they lived in the neighborhood and believed drug activity was taking place at 604 ½ Lowell. The SOI went onto explain that they had viewed high amounts of traffic coming and going from the residence along with an unusual odor coming from inside the residence.

On 01/28/2020, A/SGT Jones, Officer Passinese, and Ibanez were in the area of the residence 604 Lowell Avenue Kansas City, Wyandotte County, Kansas. This address was the subject of a narcotics complaints coming into the office. The complaint is stating that there is a foul odor coming from the residence along with traffic coming and going. A/Sgt. Jones witnessed a white truck parked out in front of the residence as he drove by. Officers set up surveillance on the truck/residence and watched for traffic coming and going. Officers conducted a traffic stop on the Dodge pickup and made contact with Marlon Fields. Fields was transported to the Narcotics Office so the Officer Passinese could conduct and interview.

During the interview Mr. Fields stated he paid $10 for the meth found in the truck. He identified the residence where he got the meth from as being the house officers just watched him leave from (604 ½ Lowell), which is a duplex. Fields stated that the residence in question is the left door, which would be the west unit, when facing the residence. He has bought from the residence approximately 7 times and this has occurred over a period since December 2019. He knows the seller as a white female by the name of Amanda. He described Amanda as a "Big Girl". Fields stated that there may be others living at the residence of 604 ½ Lowell Ave. but only deals with Amanda and her boyfriend. The boyfriend was described as a bald black male. Amanda and her boyfriend stay in the basement which they access through the main level of the residence and have access to entire residence of 604 ½ Lowell Ave.

On 01-30-2020, at about 1935 hours, the Kansas City, Kansas Narcotics Unit, along with members of the Special Operations Unit (SOU) served a narcotics search warrant at the address of 604 ½ Lowell Ave. The following is a list of items recovered from the residence:
- 2 black digital scales found in the southwest bedroom, bed side table.

*Arrest Affidavit Page 2 of 2*
*1/31/2020*
*# 2020-9809*

- 1 red digital scale found in the basement bedroom under the bed.
- 1 broken glass drug pipe found in the southwest bedroom on the bed.
- 2.3 grams of methamphetamine found in the southwest bedroom identified as Corey Cline's bedroom. Positive TruNarc test done by Ibanez.

Basement desk top which contained
- 1 digital scale
- 2 baggies containing 13.4 grams of an unknown rock like substance. Negative TruNarc test.
- Torn empty plastic baggies.
- 2 baggies containing 4.3 grams of marijuana. Positive field test by Ibanez.

The following parties were taken into custody inside 604 ½ Lowell at the time the warrant was executed: Amanda Howard (W/F 10-20-89) and Corey Kline (B/M 04-07-76). Detective Martin was assigned front security while members of the SOU entered and cleared the residence. While SOU Officers were inside the residence the front door to the adjacent apartment (604 Lowell) opened. A white female, later identified as Tiffany Martin, appeared in the doorway and advised that a black male, later identified as Sidney Butler (B/M 01/17/1980) from next door had just broke through her basement and forced his way upstairs. The victim then went out of view deeper into her apartment. She then returned into view being followed by Butler. Detective Martin told Butler to come to him and he complied. While walking to Detective Martin, he said "what's going on I live here." The victim had stepped off to the side and was shaking her head left to right. Detective Martin took this as a "No" to his statement. Butler came outside onto the porch and was handcuffed by Officer Vallejo #1788 without incident. Butler was identified by narcotics officers as an occupant of the target house and a target of their investigation.

Detective Seal made contact with the victim Tiffany Martin (W/F 11/13/1978) at her residence 604 Lowell Ave., which had been broken into during the course of the search warrant execution at 604 ½ Lowell. Tiffany provided the following taped statement. Tiffany stated that she was sitting in the living room when she heard the police next door. She thought she heard her son coming out of his bedroom, but then heard some loud banging. She went down the hall and observed her neighbor who she knew only by the name "Gap", she stated that he was wearing a blue sweatshirt and shorts. She didn't know his last name but described him as tall and bald. She observed her basement door open and the molding off the wall. She stated that the door was secured with a lock prior to him coming inside. He didn't have permission to be in her residence and he told her "Don't turn me in, don't let them know I am here". He kept following her around the residence and telling her not to tell them he was here. She then opened the front door of the residence and "Gap" was taken into custody by the police. Her son DeMarcus Stallings was also inside the residence at the time of the search warrant.

On 01/31/2020, a presumptive positive test was conducted on crystal substance utilizing the TruNarc drug identifier with serial number TN6148. The TruNarc drug identifier utilizes Raman Spectroscopy technology which isolates a unique chemical spectrum, or fingerprint, of the substance being tested. This test was conducted by Officer Ibanez, who is certified to operate the TruNarc machine. The analysis of the substance tested produced a positive result for methamphetamine. The methamphetamine weighed (2.3 grams).

I verify the foregoing, under penalty of perjury, this 31st day of January, 2020,

Affiant (signature) _____
Detective A. Seal #1915
Kansas City, KS Police Department



700 Minnesota Avenue    Kansas City, Kansas 66101

KCKPDCIB #304 (06/07)

ELECTRONICALLY FILED
2020 Jul 30 PM 4:13
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-MR-000201

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

# SEARCH WARRANT

STATE OF KANSAS, COUNTY OF WYANDOTTE          CASE NO.

The State of Kansas to any Sheriff or Peace Officer of the State of Kansas: Having evidence under oath before me from which I find there is probable cause to believe that an offense against the laws of the state of Kansas has been committed and that certain items, to wit:

- Methamphetamine
- Drug Paraphernalia
- United States currency
- records of narcotics transactions, and documents which prove legal occupancy including, but not limited to, writings, books, checkbooks, and bank account statements, magazines, records, tax receipts, utility receipts, rent receipts, post-marked envelopes, photographs, and keys, all of which tend to show the identity of persons in ownership, dominion, or control of said premises

Which items are contraband or are fruits, instrumentalities, or evidence of such offense, are located in or upon:

The premise of 604 ½ Lowell Ave., Kansas City, Wyandotte County, Kansas, described as a single story, brick structure, multi-family dwelling, red in color. The structure is the second house west of S. Tremont St., on the north side of Lowell Ave. The numbers "604 ½ " are displayed on the mailbox which is attached to the front of the home. 604 ½ is the west unit in the duplex.

Officer Eric Ibanez, and other members of the Kansas City Kansas Police Department, you are therefore commanded forthwith to search the person, place, or thing of means of conveyance hereinbefore specified for such items, holding them to be dealt with according to law.

Issued this 29th day of January 2020, at ___2___ o'clock P.M.

JUDGE OF THE DISTRICT COURT
Wyandotte County, Kansas

C 15

## SHERIFF'S RETURN

On _February 3_____, 2020, I received this warrant and executed it by arresting the defendants, Sidney Butler, and Cory D. Cline and bringing them in to this court this _4_ day of _February___, 2020.

_Don Ash_____, Sheriff

_____JP_____, Deputy

**In Custody**

## WARRANT

### THE STATE OF KANSAS

**vs.**

Sidney Butler
604 1/2 Lowell Avenue
Kansas City, Kansas  66101
Black, Male
SS Number: XXX-XX-
DOB: XX/XX/1980

Cory D. Cline
604 1/2 Lowell Avenue
Kansas City, Kansas 66101
Black, Male
SS Number: XXX-XX-8944
DOB: XX/XX/1976

**20CR0129**

Court Case Number: **20CR0129**

Kansas City, Kansas Police Department #2020-09809

Sidney Butler

Cory Cline

Bond $ __50,000.00__    5,000.00

### FIRST APPEARANCE

DATE _02-04-20____ defendants, Sidney Butler, and Cory D. Cline appears personally.
Warrant read to defendants. Defendants have plead not guilty.  Preliminary hearing is hereby set for _11_ day of _February_, 2020, ☑ A.M. ☐ P.M. Defendant's Bond fixed at
$ _5000_.

☐ Defendant is ordered to have no contact with the victim(s) or witness(s)

_____
Judge of the District Court
Division _11_

ELECTRONICALLY FILED
2020 Feb 03 AM 10:21
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CR-000129

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CRIMINAL DEPARTMENT

## WARRANT

STATE OF KANSAS, COUNTY OF WYANDOTTE, ss.                **2 0 C R 0 1 2 9**

The State of Kansas to any Sheriff of the State of Kansas:

WHEREAS, information under oath, or a verified information in writing has been made to me, and it appearing that there is reasonable grounds for believing that at the County of Wyandotte, State of Kansas, and on or about the 30th day of January, 2020, said defendant, Sidney Butler, did unlawfully and knowingly enter or remain within any dwelling, to-wit: 604 Lowell, Kansas City, Kansas, in which there was a human being, to-wit: Tiffany Martin and/or D.S., with intent to commit a felony, theft or sexually motivated crime therein, to wit: Interference with Law Enforcement, in violation of K.S.A. 21-5807 (b)(1) (AGGRAVATED BURGLARY, Severity Level 4, Person Felony)

### COUNT II

At the County of Wyandotte, State of Kansas, for a further, different and second count Herein; information reads that on or about the 30th day of January 2020, said defendant, Cory D. Cline, did unlawfully and knowingly possess a quantity of methamphetamine in violation of K.S.A. 21-5706 (a). (POSSESSION OF METHAMPHETAMINE, Severity Level 5 Drug, Felony)

### COUNT III

At the County of Wyandotte, State of Kansas, for a further, different and third count Herein; information reads that on or about the 30th day of January 2020; said defendant, Sidney Butler, did unlawfully and knowingly obstruct, resist and/or oppose a person, to wit: KCKPD Officers, who is authorized by law to serve process and who was in the discharge of an official duty, to wit: investigating a felony case, in violation of K.S.A. 21-5904 (a)(3).
(INTERFERENCE WITH LAW ENFORCEMENT, Severity Level 9, Non-Person Felony)

### COUNT IV

At the County of Wyandotte, State of Kansas, for a further, different and fourth count Herein; information reads that on or about the 30th day of January 2020, said defendant, Sidney Butler, did unlawfully prevent or dissuade, or attempt to prevent or dissuade, a witness, victim, or person acting on behalf of a victim, to-wit: Tiffany Martin, from making a report of a victimization of a victim to any law enforcement officer, prosecutor, probation officer, parole officer, correctional officer, judicial officer, or agent of DCF or KDADS, with the intent to vex or annoy said person, or with an intent to thwart or interfere with the orderly administration of justice, in violation of K.S.A. 21-5909 (a)(2)(A). (INTIMIDATION OF WITNESS, Class B, Person Misdemeanor)

C 17

## COUNT V

At the County of Wyandotte, State of Kansas, for a further, different and fifth count Herein; information reads that on or about the 30th day of January 2020, said defendant, Sidney Butler, did unlawfully and knowingly, by means other than fire or explosive, damage, mutilate, deface, destroy, or substantially impair the use of property, to-wit: door and/or door jam, in which another person, to-wit: Tiffany Martin, has an interest, without the consent of said other person, to the extent of less than one thousand dollars ($1,000.00) in violation of K.S.A. 21-5813 (a)(1) & (c)(3). (CRIMINAL DAMAGE TO PROPERTY, Class B, Non-Person Misdemeanor)

You are therefore commanded forthwith to arrest Sidney Butler and Cory D. Cline and bring them before some magistrate of said Wyandotte County, to be dealt with according to law, and then return this warrant.

Witness my hand this 1st day of February 2020.

_____
Judge of the District Court of Wyandotte County, Kansas

Clerk of the District Court **KRISTI L. HILL** _____

By: _____
Deputy Clerk

ELECTRONICALLY FILED
2020 Feb 03 AM 10:21
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CR-000129

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
# CRIMINAL DEPARTMENT

State of Kansas,                              }        In the District Court of the Twenty-Ninth Judicial
                                             } SS.   District of the State of Kansas, sitting within
Wyandotte County,                            }        and for the County of Wyandotte, State of Kansas

The State of Kansas

vs

Sidney Butler
Cory D. Cline

# INFORMATION

Mark A. Dupree Sr., as District Attorney in and for the 29th Judicial District of the State of Kansas, County of Wyandotte, prosecuting for and on behalf of said State, within the 29th Judicial District, County of Wyandotte, and in the name, by the authority and on behalf of the said State of Kansas, now, here, in and to the District Court of the said 29th Judicial District, and State of Kansas, information gives that at said 29th Judicial District, County of Wyandotte, State of Kansas, within the jurisdiction of this Court, on or about the 30th day of January 2020, said defendant, Sidney Butler, did unlawfully and knowingly enter or remain within any dwelling, to-wit: 604 Lowell, Kansas City, Kansas, in which there was a human being, to-wit: Tiffany Martin and/or D.S., with intent to commit a felony therein, to wit: Interference with Law Enforcement, in violation of K.S.A. 21-5807 (b)(1) (AGGRAVATED BURGLARY, Severity Level 4, Person Felony)

COUNT II
At the County of Wyandotte, State of Kansas, for a further, different and second count herein; information reads that on or about the 30th day of January 2020, said defendant, Cory D. Cline, did unlawfully and knowingly possess a quantity of methamphetamine in violation of K.S.A. 21-5706 (a). (POSSESSION OF METHAMPHETAMINE, Severity Level 5 Drug, Felony)

COUNT III
At the County of Wyandotte, State of Kansas, for a further, different and third count herein; information reads that on or about the 30th day of January 2020, said defendant, Sidney Butler, did unlawfully and knowingly obstruct, resist and/or oppose a person, to wit: KCKPD officers, who is authorized by law to serve process and who was in the discharge of an official duty, to wit: investigating a felony case, in violation of K.S.A. 21-5904 (a)(3). (INTERFERENCE WITH LAW ENFORCEMENT, Severity Level 9, Non-Person Felony)

C 19

## COUNT IV

At the County of Wyandotte, State of Kansas, for a further, different and fourth count herein; information reads that on or about the 30th day of January 2020, said defendant, Sidney Butler, did unlawfully prevent or dissuade, or attempt to prevent or dissuade, a witness, victim, or person acting on behalf of a victim, to-wit: Tiffany Martin, from making a report of a victimization of a victim to any law enforcement officer, prosecutor, probation officer, parole officer, correctional officer, judicial officer, or agent of DCF or KDADS, with the intent to vex or annoy said person, or with an intent to thwart or interfere with the orderly administration of justice, in violation of K.S.A. 21-5909 (a)(2)(A). (INTIMIDATION OF WITNESS, Class B, Person Misdemeanor)

## COUNT V

At the County of Wyandotte, State of Kansas, for a further, different and fifth count herein; information reads that on or about the 30th day of January 2020, said defendant, Sidney Butler, did unlawfully and knowingly, by means other than fire or explosive, damage, mutilate, deface, destroy, or substantially impair the use of property, to-wit: door and/or door jam, in which another person, to-wit: Tiffany Martin, has an interest, without the consent of said other person, to the extent of less than one thousand dollars ($1,000.00) in violation of K.S.A. 21-5813 (a)(1) & (c)(3). (CRIMINAL DAMAGE TO PROPERTY, Class B, Non-Person Misdemeanor)

Contrary to the statute in such case made and provided.

Lois Malin       #18268
Assistant District Attorney


STATE OF KANSAS, COUNTY OF WYANDOTTE, SS:

MARK A. DUPREE SR., being first duly sworn, says that he is the District Attorney of the 29th Judicial District of the State of Kansas, that he has read the foregoing information, and knows the contents thereof, and that he has good reason to, and does verily believe the same to be true, under penalty of perjury this 31st day of January 2020.

Lois Malin            #18268
Assistant District Attorney

**COMMITMENT** - In default of bail or continuance.       No. _2oCR129_       H  /

**STATE OF KANSAS**

vs.

_Cline        Cory_
_____
                                    Defendant

**STATE OF KANSAS, COUNTY OF WYANDOTTE, SS:**

**TO THE KEEPER OF THE JAIL OF WYANDOTTE COUNTY, KANSAS:**

The above named defendant has been arrested, charged with _____Fel_____
_____, and on this___4__ day of_____Feb_____,___2020___
brought before Judge___Mikesic_____, of the District Court of Wyandotte County,
Kansas, for examination upon such charges, which said examination has been adjourned
until the_11__ day of___Feb_____,_2020_, at_____0900_____ _A_.M.
AND said defendant's recognizance has been set at $___5,000_____ .

The above named defendant is in the custody of the Wyandotte County Sheriff's
Department, at the time and date of this court proceeding.

**DISTRICT COURT JUDGE** _____

**DIVISION NO.**___11_____

BY · FILED 2020 FEB -4 AM 11:56

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## BAIL ORDER

**State of Kansas**

V.

Cory D. Cline
_____
Defendant

Case No. __20CR029__

## ORDER SPECIFYING METHODS AND CONDITIONS OF RELEASE

### Part I. - Preferred Methods of Release

It is hereby ORDERED that the above-named defendant be released, provided that he promises to appear at all scheduled hearings as required.

### Part II. - Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant, it is hereby FURTHER ORDERED that the defendant be released on the condition(s) checked below:

**Cash or Surety Bond**

(✓) (1) The defendant will execute a bond in the amount of $ __5000__ either secured by the undertakings of sufficient solvent sureties or by the deposit of an equal amount of cash or other security in lieu thereof.

**Other Conditions Restriction on Travel, Association or Place of abode**

( ) (2) The defendant agrees that he will comply with the following other conditions of release:

_____

_____

_____

_____

_____

_____

### Part III. - Appearance and Penalties

**Appearance**

It is hereby FURTHER ORDERED that the defendant shall appear next at ____ the DISTRICT COURT, Court House, 7th and Ann, Kansas City, Kansas

Place

Feb 11th 2020, 9am

Date and Time

and at such other places and times as the Court may order or direct.

**Penalties**

If the defendant violates any condition of his release, a warrant for his arrest will issue immediately. After arrest, the terms and conditions of any further release will be redetermined.

If the defendant fails to appear before any court as required, an additional criminal case may be instituted against him. If the failure to appear is in connection with a charge of felony, or after conviction, or while awaiting sentence, or pending appeal, the penalty is a fine of not more than $5,000 or imprisonment for not more than five years or both; if the failure to appear is in connection with a charge of a misdemeanor, or after conviction, or while awaiting sentence, or pending appeal, the penalty is a fine of not more than $1,000 or imprisonment for not more than 6 months in the county jail, or both.

### Part IV. - Acknowledgement by Defendant

**Acknowledgement**

I Cory D Cline

Defendant

understand the methods and conditions of my release which have been checked above and the penalties and forfeitures applicable in the event I violate any condition or fail to appear as required.

I agree to comply fully with each of the obligations imposed on my release and to notify the Court promptly in the event I change the address indicated below.

Defendants Attorney _____

_____

_____

**RELEASE ORDERED:**

Date: _____

Form #1032

_____
Defendant

_____
Address

_____
City and State          Tel. No.

_____
Judge of The District Court

Date:  10/13/2020
Time:  02:00 PM
Page 1 of 4

**Wyandotte County District Court**
ROA Report
Case: 2020-CR-000129  Current Judge: Daniel Cahill
Defendant: Cline, Cory Deshawn

State of Kansas  vs.  Cory Deshawn Cline

Felony

| Date | | Judge |
|---|---|---|
| 2/3/2020 | Prosecutor of Record  Nic Campbell | Kathleen M Lynch |
| | WARRANT    INF: Judge Signed Order | Kathleen M Lynch |
| | AFFIDAVIT FOR APPLICATION FOR WARRANT    AFF: Probable Cause/Arrest Report | Kathleen M Lynch |
| | Document sealed | |
| | INFORMATION    INF: Information (Generic) | Kathleen M Lynch |
| | Arrest Warrant Issued to Sheriff Bond amount: 5000.00   Defendant: Cline, Cory D | Kathleen M Lynch |
| 2/4/2020 | Arrest Warrant Served/Returned Defendant: Cline, Cory D<br>Document title: WARRANT<br>Document ID: 3997862 | Courtney H Mikesic |
| | Bond Set at at $5,000.00 | Courtney H Mikesic |
| | Hearing result for First Appearance held on 02/04/2020 09:00 AM:   First Appearance Held | Courtney H Mikesic |
| | Hearing Scheduled  (Docket Call  02/11/2020 09:00 AM) | Renee S Henry |
| 2/5/2020 | Prosecutor of Record Maurice E Brewer | Daniel Cahill |
| 2/6/2020 | Copy of affidavit and information to def per jail request. | Daniel Cahill |
| 2/11/2020 | Hearing result for Docket Call held on 02/11/2020 09:00 AM:  Tony Russo Appointed to represent defendant. Next court date 2/25/2020 $100 bids fee ordered. | Daniel Cahill |
| 2/12/2020 | ROA TO DEF PER JAIL REQUEST | Daniel Cahill |
| 2/19/2020 | Hearing Scheduled  (Docket Call  02/25/2020 09:00 AM) | Renee S Henry |
| 2/20/2020 | Order Appointing Counsel Tony Russo    INF: Judge Signed Order | Daniel Cahill |
| | Financial Affidavit    INF: Judge Signed Order | Daniel Cahill |
| | Motion<br>Document title: MOTION TO BE PRESENT AT ALL HEARINGS (Pro Se)<br>Document ID: 4014133 | Daniel Cahill |
| | Motion<br>Document title: MOTION FOR BRADY GIGLIO PLICY CREDIBILITY IMPLENTATION (Pro Se)<br>Document ID: 4014173 | Daniel Cahill |
| | Email Sent  Date: 02/20/2020 01:45 pm To: Cahill, Daniel; Brewer, Maurice and  arrussoesq@gmail.com File Attached: MOTIONTOBEPRESENTATALLHEARINGS(PROSE).pdf Name of Document: MOTION TO BE PRESENT AT ALL HEARINGS (Pro Se) | Daniel Cahill |
| | Email Sent  Date: 02/20/2020 01:46 pm To: Cahill, Daniel; Brewer, Maurice and  arrussoesq@gmail.com File Attached: MOTIONFORBRADYGIGLIOPLICYCREDIBILITYIMPLENTATION.pdf Name of Document: MOTION FOR BRADY GIGLIO PLICY CREDIBILITY IMPLENTATION | Daniel Cahill |
| 2/21/2020 | Attorney info to def per jail request. | Daniel Cahill |
| 2/25/2020 | Copy of ROA and affidavit to def per jail request. | Daniel Cahill |
| | Hearing result for Docket Call held on 02/25/2020 09:00 AM:  Continued by defendant 3/17/20 | Renee S Henry |

(OVER)

Nature of the Case
Con't

C 23

ongoing criminal proceedings of case number 20CR129, of the 29th Judicial District in the District Court of Wyandotte County, Ks. My findings of fact, will overcome any and all immunities afforded these state officials (Defendants); but included as Defendants are each state officials, respective insurance company. On 1-30-2020, at about 1935 hundred hours, K.C.K. Narcotics Unit, along with members of the Special Operations Unit, (falsely report) serving a narcotics search warrant at the address of 604½ Lowell Ave. (C 12 p. 5). But this is an impossibility. Because to obtain a search warrant, your first function is to establish that there is probable cause to search. Kansas state statute is specific about the Affidavit, or the Application for Warrant (C 12), as being the vehicle to establish that requirement. Proclaiming to "serve a narcotics search warrant," in the Affidavit for Application for Warrant, you're using to receive the authority to request that same search warrant, creates an enigma. It's impossible. It's perjury by the affiant. And each Defendant, thru their preliminary examination of this matter, knew he had acted improperly, but everyone thought they could get away with it. The aforementioned above the law breach, was just the start of many related cases of official misconduct, and also, a direct infringement upon my Fourth and Fourteenth Amendment Constitutional rights. Subsequently, Wyandotte County, and the State of Kansas don't officially have adjudicatory authority over me, and are detaining me illegally.
(adjudicatory)

# Index pg 2

C 35

| | |
|---|---|
| C24 | Cause of Action Count 1 pg 1 |
| C 25 | Cause of Action Count 1 pg2 |
| C 26 | Cause of Action Count 1 pg 3 |
| C 27 | Cause of Action Count 1 pg4 |
| C 28 | Cause of Action Count 1 pg 5 |
| C 29 | Cause of Action Count 1 pg 6 |
| C 30 | Cause of Action Count 1 pg 7 |
| C 31 | Cause of Action Count 1 pg8 |
| C 32 | Cause of Action Count 1 pg 9 /Add'l Defendants |
| C 33 | Cause of Action Count 2 Con't |
| C 34 | Index |
| C 35 | Index pg2 |

Cause Of Action
Count 1
Supporting Facts
Cont pg1

C 24

and how each Defendant wantonly acted outside the scope of their duties.

Kathleen M Lynch, on 2-3-2020 (C 16, C 17, C 18, C 19) in her office of magistrate/judge, did improperly, negligently, and with malice find cause to issue an arrest warrant in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of her preliminary examination of Case number 20CR129. As delineated in the nature of the case (C 23), the affiant in the Affidavit forcefully broke into the residence at 604½ Lowell Ave, K.C.X on 1-30-2020 with multiple swat teams without probable cause, found inadmissable drugs, and then the next day prepared an Affidavit to acquire the probable cause to search for the inadmissable evidence he had already plundered illegally. And without first applying for a warrant, my due process rights have been disregarded, and I have suffered greatly. My liberty and freedom taken away; both of which are priceless to me. I have a Constitutional right to be free from illegal searches and seizures which was clearly established at the time of the warrantless breach. No one in the residence consented to the Special Operation units entry. I didn't have any warrants for my arrest. The Special Operation units did not observe anything outside the residence to constitute probable cause. Yet, Miss Lynch instituted an arrest warrant for me. Why? Because she thought she could get away with it. But my detention is illegal. She didn't possess adjudicatory authority over me and has acted in clear absence of all jurisdiction.

Cause of Action
Count 1
Supporting Facts
Con't pg. 2

C 25

For the same reasons as Kathleen M Lynch, her John Doe Insurance Company's immunity should be surmounted. Judge John Doe of Division 12, on 7-30-2020 (C 14) in his office of magistrate, did fraudulently, and with malice find cause to issue a search warrant in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of his preliminary examination of case number 20CR129. As delineated in the nature of the case (C 23), the affiant in the Affidavit forcefully broke into the residency at 604½ Lowell Ave, K.C.K. on 1-30-2020 with multiple swat teams without probable cause, found inadmissable drugs, and then the next day prepared an Affidavit to acquire the probable cause to search for the inadmissable evidence he had already plundered illegally. And without first applying for a warrant, my due process rights have been disregarded, and I have suffered greatly. My liberty and freedom taken away; both of which are priceless to me. I have a Constitutional right to be free from illegal searches and seizures; which was clearly established at the time of the warrantless breach. No one in the residence consented to the Special Operation units entry, I didn't have any warrants for my arrest. The Special Operation units did not observe anything outside the residence to constitute probable cause. Yet, John Doe of Division 12 instituted a search warrant for me. Why? Because he thought he could get away with it. But my detention is illegal. He doesn't possess adjudicatory authority over me and has acted

Cause of Action
Count 1
Supporting Facts
Con't pg. 3

C 24

in clear absence of all jurisdiction. For the same reasons as Judge John Doe, his John Doe Insurance Company's immunity should be surmounted.

Courtney H. Mikesic, on 2-4-2020 (C 20, C 21) in her office of magistrate/judge, did improperly, negligently, and with malice find cause to issue a Bail Order and Commitment Order in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of her preliminary examination of case number 20CR129. As dilineated in the nature of the case (C 23), the Affiant in the Affidavit forcefully broke into the residency at 604½ Lowell Ave. K.C.K. on 1-30-2020 with multiple swat teams without probable cause, found inadmissable drugs, and then the next day prepared an Affidavit to acquire the probable cause to search for the inadmissable evidence he had already plundered illegally. And without first applying for a warrant, my dueprocess rights have been disregarded, and I have suffered greatly. My liberty and freedom taken away; both of which are priceless to me. I have a Constitutional right to be free from illegal searches and seizures which was clearly established at the time of the warrantless breach. No one in the residence consented to the Special Operation units entry. I didn't have any warrants for my arrest. The Special Operation units did not observe anything outside the residence to constitute probable cause. Yet, Miss Mikesic instituted bail and

C 27

Cause of Action
Count 1
Supporting Facts
Cont'd

commitment orders for me. Why? Because she thought she'd get away with it. But my detention is illegal. She didn't possess adjudicatory over me and has acted in clear absence of all jurisdiction.

Renee S Henry, on 2-4-2020 (C 22) in her office of magistrate/judge, did improperly, negligently, and with malice find cause to issue/schedule hearings in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of her preliminary examination of case number 20CR129. As delineated in the nature of the case (C 23), the affiant in the Affidavit forcefully broke into the residence at 604½ Lowell Ave., B.C.K. on 1-30-2020 with multiple swat teams without probable cause, found inadmissable drugs, and then the next day prepared an Affidavit to acquire the probable cause to search for the inadmissable evidence he had already plundered illegally. And without first applying for a warrant, my due process rights have been disregarded, and I have suffered greatly. My liberty and freedom taken away; both of which are priceless to me. I have a Constitutional right to be free from illegal searches and seizures, which was clearly established at the time of the warrantless breach. No one in the residence consented to the Special Operation units entry. I didn't have any warrants for my arrest. The Special Operation units did not observe anything outside the residence to constitute probable cause. Yet, Miss Henry continued the legal process. Why?

Cause of Action
Count 1
Supporting Facts
Con't Pg. 5

C 28

Because she thought she would get away with it. But my detention is illegal. She doesn't possess adjudicatory authority over me and has acted in clear absence of all jurisdiction. For the same reasons as Courtney H Mikesic and Renee S Henry, their John Doe Insurance Companys' immunity should be surmounted.

Daniel Cahill, on 2/5/2020 (C 22) in his office of magistrate/judge, did improperly, negligently, and with malice find cause to register Maurice E Brewer as prosecutor in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of his preliminary examination of case number 20CR129. As delineated in the nature of the case (C 23), the affiant in the Affidavit forcefully broke into the residence at 604½ Lowell Ave., K.C.K. on 1-30-2020 with multiple swat teams without probable cause, found inadmissable evidence he had already plundered illegally. And without first applying for warrant, my due process rights have been disregarded, and I have suffered greatly. My liberty and freedom taken away; both of which are priceless to me. I have a Constitutional right to be free from illegal searches and seizures which was clearly established at the time of the warrantless breach. No one in the residence consented to the Special Operation units entry. I didn't have any warrants for my arrest. The Special Operation units did not observe anything outside the residence to constitute probable cause.

Cause of Action
Count 1
Supporting Facts
Cont pg 7

inadmissable evidence found during an illegal search and seizure (C 13 p1) in the Affidavit, he became an actor in the violations of my Fourth and Fourteenth Constitutional rights. She in no way could have believed that the use of the fruits of an illegal search fit the general scope of her duties. It's wrongful petition for an arrest warrant was done that of a complaining witness; unlawful acts don't warrant absolute immunity.

Maurice E. Brewer, on 2-5-2020 (C 22) as prosecutor, did illegally and with malice enter into a criminal proceeding in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of his preliminary examination of case number 20CR129. Based on perjured testimony, "served a narcotics search warrant" (C 12 p5), and the inadmissable evidence found during an illegal search and seizure (C 13 p1) in the Affidavit, he became an actor in the violations of my Fourth and Fourteenth Constitutional rights. He in no way could have believed that the use of the fruits of an illegal search fit the general scope of his duties. His wrongful petition for an arrest warrant was done that of a complaining witness; unlawful acts don't warrant absolute immunity.

Mark A Dupree Sr., on 2-3-2020 as District Attorney in the Narrative (C 18), did illegally and with malice bring forth criminal charges in the 29th Judicial District Court of Wyandotte

Cause of Action
Count 1
Supporting Facts
Con't pg's

C 31

County, Ks. This was the result of his preliminary examination of case number 20CR129. Based on perjured testimony, "served a narcotics search warrant" (C 12 p5), and the inadmissable evidence found during an illegal search and seizure (C 13 p1) in the Affidavit, he became an actor in the violations of my Fourth and Fourteenth Constitutional rights. He in no way could have believed that the use of the fruits of an illegal search, fit the general scope of his duties. His wrongful petition for an arrest warrant was done that of a complaining witness. Why would Nic Campbell, Lois Malin, Maurice Brewer and Mark Dupree involve themselves in illegalities and misconduct? Because they thought they would get away with it. And for the same reasons as Mr. Dupree, Mr. Brewer, Mr. Campbell, and Miss Malin, their John Doe Insurance Company's immunities should be surmounted.

Don Ash, on 2-4-2020 (C 15) in his office of Sheriff, did improperly, negligently, and with malice find cause to execute the return warrant in case number 20CR129 in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of his preliminary examination. As delineated in the nature of the case (C 23), the affiant in the Affidavit forcefully broke into the residence at 604½ Lowell Ave. K.C.K. on 1-30-2020 with multiple swat teams without probable cause, found

Cause of Action
Count 1
Supporting Facts
Con't pg. 6

C 29

Yet, Mr. Cahill continued this legal process. Why? Because he thought he'd get away with it. But my detention is illegal. He doesn't possess adjudicatory authority over me and has acted in clear absence of all jurisdiction. For the same reasons as Daniel Cahill, his John Doe Insurance Company's immunity should be surmounted.

Nic Campbell, on 2-3-2020 (C 22) as prosecutor, did illegally and with malice initiate a criminal proceeding in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of his preliminary examination of case number 20CR129. Based on perjured testimony, "served a narcotics search warrant" (C 12 p 5), inadmissable evidence found during an illegal search and seizure (C 13 p 1), in the Affidavit, he became an actor in the violations of my Fourth and Fourteenth Constitutional rights. He in no way could have believed that the use of the fruits of an illegal search fit the general scope of his duties. His wrongful petition for an arrest warrant was done that of a complaining witness; unlawful acts don't warrant absolute immunity.

Lois Malin, on 2-3-2020 (C 18, C 19) as prosecutor did illegally and with malice initiate a criminal proceeding in the 29th Judicial District Court of Wyandotte County, Ks. This was the result of her preliminary examination of case number 20CR129. Based on perjured testimony, "served a narcotics search warrant" (C 12 p 5), and the

C 32

Cause of Actions
Count 1
Supporting Facts
Cont pg.9

inadmissable drugs, and then the next day prepared an Affidavit to acquire the probable cause to search for the inadmissable evidence he had already illegally plundered. And without first applying for a warrant, my due process rights have been disregarded, and I have suffered greatly. The breach was an invasion of privacy. I have a constitutional right to be free from illegal searches and seizures which was clearly established at the time of the warrantless breach. No one in the residence consented to the Special Operation units entry. I didn't have any warrants for my arrest. The Special Operation units did not observe anything outside the residence to constitute probable cause. Yet, Mr. Ash executed my Return Warrant (C 15). Why? Because she thought he would get away with it. But my detention is illegal. He does not possess personal jurisdiction over me and has acted in clear absence of all jurisdiction.

Additional Defendants

Don Ash
Kansas City, Ks.
Sheriff.
[✓] Yes [ ] No
At the time this complaint arose this defendant was the Sheriff.
John Doe LLC for the Sheriff Don Ash
Kansas City, Ks.
the LLC for the Sheriff.
[✓] Yes [ ] No
At the time this complaint arose this defendant was the LLC for the Sheriff Don Ash.

C 33

Count 2
Supporting Facts
Cont

state affairs, public matters, policy goal strategies and public order. This conspiracy that fits the definition of "Criminal Sandicalism" is/has been perpetrated by members of the K.C.K.P.D and the Unified (U.G) Gov't of Whandotte County, namely by the John Doe Magistrates/Judges issuing, yet who omit the administrative filing of invalid "rubber stamp" search warrants (a policy and custom maintained by these municipalities that substituted probable cause and sustained my detention) from extrinsically prepared affidavits (Search Warrant C 14) (Affidavit); and the District Attorney's Office; and officers of the K.C.K. Narcotics Unit and K.C.K. Special Operations Unit all of whom are authorized to execute search warrants, yet negligently and with malice officially/individually chose to disregard state statute an illegally breached, searched and seized (any) items from the residence of 604 1/2 Lowell on 1/30/20, at 1935 hours. This execution of an invalid search warrant was illegal on it's face, a precedent of an unlawful act of force and violence; an unconscionable sabotage of the premises (John Doe Witness #1 - the owner of the property will give evidence to support this during his deposition). Both units were advocating the direction of officers Eric Ibanez #1835, K.C.K.P.D, and Andrew Seal #1915, K.C.K.P.D; who in the matter of case number 20CR129 and magistrate search warrant number 20MR201 have given false testimony, fabricated evidence, lead an illegal search, and conspired with U. G. officers (who's functions are authorized on the behalf of the State of Kansas (Narrative C 18 )), willfully disregarding state and federal rules and statutes; overtly infringing upon my Due Process rights by corruptly and maliciously prosecuting me using exculpatory evidence.