# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CORY DESHAWN CLINE,**

                **Plaintiff,**

     v.                                                  **CASE NO. 21-3003-SAC**

**STATE OF KANSAS, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Cory D. Cline brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Cline was a pretrial detainee being held at the Wyandotte County Adult Detention Center in Kansas City, Kansas, on charges of unlawful possession of controlled substances at the time of filing. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.    Nature of the Matter before the Court**

Plaintiff's Complaint appears to be based on the same series of events that created his claim in Case No. 20-3136-SAC. Officers from the Kansas City, Kansas Police Department searched a residence on January 30, 2020. Cline was present and was taken into custody. He was later arrested and charged with possession of methamphetamines. Plaintiff claims the search was made without a warrant or consent. He asserts the affidavit supporting the search warrant was dated after the search and therefore there was no probable cause for the search. Because none of the named defendants recognized or corrected the problem, Plaintiff alleges violation of his civil rights.

1

The Complaint includes three counts. Count I alleges a Fourteenth Amendment violation and refers to "the individual negligence and willful refusal by the defendants to discharge their respective duties." Complaint, ECF No. 1, at 3. Count II alleges criminal syndicalism and conspiracy. Count III alleges malicious prosecution.

Plaintiff names 11 defendants: the State of Kansas; the Unified Government of Kansas City, Kansas; Judge Kathleen Lynch; Judge Courtney Mikesic; Judge Renee Henry; Judge Daniel Cahill; Judge John Doe; Assistant District Attorney (ADA) Maurice Brewer; ADA Nic Campbell; ADA Lois Malin; and District Attorney Mark Dupree.[1] He requests relief in the form of $1,000,000 from each defendant, and an injunction requiring the Federal Bureau of Investigation to intervene in Wyandotte County "to prevent new information from surfacing" in his criminal prosecution.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. §

---

[1] Cline also names as defendants an insurance company for each defendant. The insurers are not proper defendants as they were not participants in the alleged violations. Moreover, private insurers do not act under color of law for purposes of § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did

3

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

The Complaint is subject to dismissal for two primary reasons. First, based on the Complaint and the attached exhibits, it does not appear that Plaintiff's assertions are factually correct. Plaintiff attaches and refers to an Affidavit for Application for Warrant dated January 31, 2020 (*id*. at 12). He seems to be under the belief that it is the affidavit supporting the search warrant (*id.* at 14), which was dated January 29, 2020 and executed the same date. However, it

appears to the Court that it is the affidavit supporting the *arrest* warrant (*see* header on page 2 of the affidavit: "Arrest Affidavit Page 2 of 2", *id*. at 13). The arrest warrant was not issued until February 1, 2020 (*see id*. at 17).

Aside from the fact that the Complaint may be based on a misunderstanding, Plaintiff names a series of improper or immune defendants. The State of Kansas is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, the State of Kansas is absolutely immune to suit for money damages under the Eleventh Amendment. Consequently, suits against the State are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006)(citing *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998)("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984))(It does not matter what form of relief a citizen might request in a suit against a state agency.")); *but cf. Will*, 491 U.S. at 71 (The Eleventh Amendment does not prevent suits against individual defendants in their official capacity for injunctive or declaratory relief, or against state officials in their individual capacities, or against private entities.).

The Unified Government of Wyandotte County is also not a proper defendant. A county may be held liable under § 1983 only for its own unconstitutional or illegal policies and not for unlawful actions of its employees. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To impose § 1983 liability

on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *see Monell*, 436 U.S. at 695). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy of Wyandotte County and no causal link between any such policy and the allegedly unconstitutional acts or inactions of county employees.

As for Defendants Lynch, Mikesic, Henry, Cahill, Doe, Brewer, Campbell, Malin, and Dupree, "[t]ypically, judges, prosecutors, and witnesses enjoy absolute immunity." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1190 (10th Cir. 2008). "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Id.* at 1189. "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Id.* at 1195 (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein*, 520 F.3d at 1193 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)).

Even if any of the named defendants were subject to liability, there are other problems with the Complaint. Plaintiff repeatedly refers to negligence or negligent conduct. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's

6

deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). Furthermore, Plaintiff's conclusory allegations of a vast conspiracy are simply not credible. A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). The Complaint includes no such specific facts demonstrating an agreement and concerted action among the 11 defendants.

**IV. Response Required**

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim on which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **July 22, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED: This 22nd day of June, 2021, at Topeka, Kansas.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**