## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CORY DESHAWN CLINE,

     **Plaintiff,**

  v.            **CASE NO. 21-3003-SAC**

STATE OF KANSAS, et al.,

     **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

This matter is a civil rights action.  By order dated June 5, 2021 (ECF No. 5; "MOSC"), the Court directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted.  Before the Court is Plaintiff's response to the MOSC (ECF No. 7).  Also before the Court are two motions filed by Plaintiff (ECF Nos. 9 and 10).

The MOSC found that the Complaint is subject to dismissal because Plaintiff names a series of improper or immune defendants, because claims under § 1983 may not be predicated on mere negligence, and because the Complaint includes no specific facts demonstrating an agreement and concerted action among the 11 defendants to support his conspiracy claim.

In his response to the MOSC, Plaintiff primarily argues about the legality of the search, the search warrant, the supporting affidavit, and the state charges against him.  As for the defendant judges, he states, "Due to my lack of involvement in any crime in this case (20CR129), the defendants lacked adjudicatory authority, there can be no adjudication."  ECF No. 7, at 10.  He

further argues that accepting the tardy affidavit for filing was an administrative function and not entitled to immunity.

"[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Kansas law provides that district courts have general original jurisdiction of all matters, both civil and criminal, as well as appellate jurisdiction as provided by law. K.S.A. 20–301. Plaintiff's argument about "not being involved in any crime" would not affect this jurisdictional grant. It may have been an erroneous exercise of that jurisdiction, but the "erroneous manner in which [the court's] jurisdiction was exercised, however it may have affected the validity of the act, did not make the act any less a judicial act; nor did it render the defendant liable to answer in damages for it at the suit of the plaintiff, as though the court had proceeded without having any jurisdiction whatever." *Stump*, 435 U.S. at 359 (quoting *Bradley v. Fisher*, 13 Wall. 335, 357, 20 L. Ed. 646 (1872)). As an illustration of the distinction, the Supreme Court stated:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; *on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.*

*Stump*, 435 U.S. at 357 n. 7 (emphasis added) (citing *Bradley*, 13 Wall. at 351-52).

The Tenth Circuit considered and rejected a similar argument to Plaintiff's in an unpublished opinion. *See DeLia v. U.S. Dep't of Justice*, No. 21-5047, 2021 WL 4258758, at *1 (10th Cir. Sept. 20, 2021). In that case, DeLia had been found guilty of healthcare fraud, appealed, and the Tenth Circuit vacated the conviction, finding prosecution was barred by the statute of limitations. He then filed a § 1983 action against the District Judge who presided over his prosecution, among others, alleging "[t]hese illegal Federal employees exhibited misconduct,

negligence, malpractice, and outright illegalities in conspiring against [DeLia] to a ridiculous illegal extent, not understanding Statute of Limitations, not understanding health care law, violating [his] Constitutional rights, doing an illegal case that never should have been done (Selective Prosecution), putting slanderous lies on the internet that damage [him] continuously and is on-going, and illegal incarceration[.]" *Id.* The Tenth Circuit found that DeLia "does not include any allegation against Judge Payne that falls outside the scope of his official capacity overseeing DeLia's criminal proceedings. Thus, Judge Payne is entitled to absolute judicial immunity." *Id.* at *3. The Court finds the defendant judges here are similarly entitled to judicial immunity.

Plaintiff then argues the prosecutor defendants are not entitled to immunity because their administrative handling of documents was outside Kansas law and administrative functions do not relate to judicial proceedings. However, Plaintiff is attempting to change his claim. His Complaint alleges the prosecutors "did illegally and with malice enter into a criminal proceeding" and "bring forth criminal charges" against Plaintiff. ECF No. 1, at 30-31; *see also id.* at 32. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1193 (10th Cir. 2008) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)). "One such protected act is the decision to prosecute." *Id.* (citing *see, e.g., Imbler v. Pachtman*, 424 U.S. 409, 431, (1976)). The decision whether to bring charges, along with the review of evidence that such a decision requires, "is a quintessential prosecutorial function protected by absolute immunity." *Id.* at 1194. The Court rejects Plaintiff's arguments and finds the prosecutor defendants are entitled to prosecutorial immunity.

Plaintiff also addresses the conspiracy claim.  He states, "Major William Howard Jr. is the focal point in this matter of conspiracy."  ECF No. 7, at 14.  He further states that members of the Kansas City, Kansas Police Department "came into agreement" with the prosecutor's office to maliciously prosecute him.  *Id*. at 14-15.  The problem for Plaintiff is that neither Howard nor any member of the KCKPD are named as defendants to this Complaint.  Plaintiff fails to state an actionable conspiracy claim.

Last, Plaintiff discusses *Monell* liability for Unified Government of Kansas City, Kansas. He argues the county judges have a policy or custom of issuing blanket warrants without probable cause and without particularity.  To impose § 1983 liability on the county and its officials for acts taken by its employee, a plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *see Monell*, 436 U.S. at 695).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff asserts he can demonstrate policy or custom by showing the misconduct was widespread. He refers to his two criminal cases and one additional case where he claims a magistrate judge issued a blanket warrant.  Plaintiff has not alleged enough to state a *Monell* claim.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted and all pending motions are **denied** as moot.

IT IS SO ORDERED.

DATED:  This 5th day of January, 2022, at Topeka, Kansas.


<u>S/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge